## JESSE E. STORRS v. A. M. BRUSH AND OTHERS.[1]

May 9, 1919.

No. 21,188.

**Judicial ditch — partition of bed of meandered lake.**

1. In a judicial ditch proceeding in which a meandered lake is drained an apportionment and partition of the lake bed among the riparian owners may be made at the final hearing without the petition and notice provided by G. S. 1913, § 5531.

**Constitution — title of act.**

2. The statute providing for an apportionment and partition of the lake bed in a judicial ditch proceeding is not unconstitutional because its subject is not expressed in its title.

Action in the district court for Blue Earth county to establish boundary lines between the parties throughout the bed of Jackson lake. The facts are stated in the opinion. The case was tried before Comstock, J., who made findings and ordered judgment in favor of defendants, confirming the order of Judge Quinn of September 12, 1913, duly made in the matter of Judicial Ditch Proceeding No. 3, Blue Earth County, insofar as the appointment, distribution and partition of the several lands involved were concerned. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*S. B. Wilson,* for appellant.

*Hughes & Ellsworth* and *Kerr, Fowler, Schmitt & Furber,* for respondents.

DIBELL, J.

This is an action to determine boundaries and partition among the riparian owners the bed of Jackson lake in Blue Earth county. There were findings for the defendants and the plaintiff appeals from the order denying his motion for a new trial.

1. The lake is a meandered lake and was drained in a judicial ditch proceeding. The answer alleges that in the ditch proceeding there was

[1]Reported in 172 N. W. 224.

a partition and states in some detail what was done. The reply admits that certain proceedings relative to a partition were had but alleges that, such as they were, they were without jurisdiction.

The final order in the judicial ditch proceeding was made on September 12, 1913. It purported to determine the rights of all the riparian owners to the lake bed. The plaintiff was given a portion and assessed for benefits. Other riparian owners were given portions and were assessed for benefits.

The statute authorizing an apportionment and partition is found in G. S. 1913, § 5531, and is as follows:

"At such final hearing in case of a judicial ditch or at any time thereafter upon petition of one or more parties interested therein, and upon such notice as shall be fixed by the judge of the district court, the judge of the district court shall divide and apportion among the persons entitled thereto by law the bed of any lake or lakes drained or to be drained in any such ditch proceeding."

It is conceded that a petition for the apportionment of the lake bed was not made nor a notice given. It is the contention of the plaintiff that without a petition and notice there is no jurisdiction. It is the contention of the defendants that an apportionment may be made at the final hearing without a petition or notice. Either meaning may be read from the statute.

An apportionment at the hearing is desirable. The riparian owner is assessed benefits for added land. If a judicial ascertainment is had of the portion which belongs to each riparian owner the assessment for benefits is in part upon the basis of such added land and each gets the added land for which he is assessed and no one is assessed for added land which he does not get. The judgment binds all and is just. This consideration was mentioned by Justice Holt in Rooney v. County of Stearns, 130 Minn. 176, 153 N. W. 858. There the proceeding was a county ditch proceeding where the law affords no way of apportioning the lake bed. It is not particularly important that an apportionment be had in a ditch proceeding after the final hearing, for then the rights of the parties as to the benefits are fixed. The apportionment of the lake bed is then as well had in an independent action. It is reasonable that the apportionment of the land be permitted at the final hearing

without a petition and further notice, for all the parties are actually or constructively present, and it is reasonable that a petition and notice be required if partition is had in the proceeding after final hearing. Our construction of the statute is that an apportionment and partition may be made at the final hearing without a petition and notice.

2. The plaintiff makes the further point that the statute is unconstitutional in that its subject is not expressed in its title as is required by the Constitution.

The portion quoted in the preceding paragraph came into the statutes through Laws 1911, p. 545, c. 384, § 3, which amended certain sections of Laws 1905, p. 303, c. 230, as that chapter was amended by Laws 1907, p. 509, c. 367; Laws 1909, p. 565, c. 469. The act of 1911 amends these acts and uses the words "relating to county and judicial drainage ditch proceedings and to procedure therein," etc. The original act of 1905 was entitled an act "providing for the drainage of lands and meandered bodies of water in certain cases, providing for the construction and repair of ditches, dikes, roads, drains and watercourses, and for the reimbursement in certain cases of owners of lands damaged thereby," etc. There is no express provision in the original act or in any amendment for the apportionment of the lands of the lake bed among the riparian owners. The apportionment of the lake bed of a meandered lake is a matter germane to the general subject of lake drainage. The two are so naturally connected that under our liberal construction of the constitutional requirement that the subject of an act be expressed in its title the statute is not invalid for want of a sufficient title. See 3 Dunnell, Minn. Dig. § 8906, et seq.

Order affirmed.